UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 14-226 (PJS/TNL)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) **GOVERNMENT'S OMNIBUS** ) **RESPONSE TO DEFENDANT'S** ) **MOTIONS** |
| BRIAN TODD GORE, | ) ) |
| Defendant. | ) |

The United States of America, by and through its attorneys Andrew M. Luger, United States Attorney for the District of Minnesota and Sarah E. Hudleston, Assistant United States Attorney, hereby submits its response to Defendant's various pretrial motions. The Government requests the opportunity to file supplemental briefing if necessary in light of any reply by Defendant or any oral arguments before the Court.

**Response to Discovery Motions**

**1.    Documents 14 and 15:  Motion for Pretrial Disclosure of 404(b) Evidence**

The Defendant moves the Court to order the government to disclose immediately any "bad act" or "similar course of conduct" evidence that the Government intends to offer at trial, as well as the witnesses through whom it will offer this evidence. The Government objects to the imposition of a time requirement for disclosure of Rule 404(b) evidence and objects to an order compelling identification of witnesses with respect to this evidence, because the law requires neither.

The Government is aware of and will comply with its obligations under Rule 404(b). The rule, however, does not demand immediate pretrial disclosure of 404(b) evidence. *See* Fed. R. Evid. 404(b)(2) (requiring only reasonable notice before trial of

nature of such evidence prosecution intends to offer at trial). The Government objects to Defendant's timing request because it will lead to motions to suppress of later-discovered 404(b) evidence. The Government proposes to notify the defense of Rule 404(b) evidence it intends to use at trial seven days before trial.

The Government also objects to Defendant's request for the Government to identify the witnesses through whom it will present any 404(b) evidence. During pretrial discovery, the Government is not required to disclose directly or indirectly the names and addresses of its witnesses under either Federal Rule of Evidence 404(b) or Federal Rule of Criminal Procedure 16. *Arcoren v. United States*, 929 F.2d 1235, 1242 (8th Cir. 1991); Fed. R. Evid. 404(b) advisory committee's notes, 1991 Amendments.

Finally, the Government requests that the order be strictly drawn to the terms of Rule 404(b). Specifically, Rule 404(b) does not encompass acts which are "intrinsic" to the charged offense. Fed. R. Evid. 404 advisory committee's notes, 1991 Amendments. If Defendant's conduct is "inextricably intertwined" with (i.e., intrinsic to) the charged offense then Rule 404(b) does not apply and no notice is required. *See Buchanan v. United States*, 714 F.3d 1046, 1047 (8th Cir. 2013).

2. **Documents 16 and 17: Motion to Compel Government to Disclose Evidence Favorable to the Defendant**

The Government has complied with its obligations under *Brady v. Maryland*, *Giglio v. United States*, and their progeny, and will continue to do so. To the extent evidence exists which is both favorable to Defendant and material to either guilt or punishment, the evidence will be, or already has been, timely disclosed to Defendant.

The Government objects to Defendant's motion to the extent that it seeks materials beyond the requirements of *Brady*, *Giglio*, and their progeny.

**3.     Document 18: Motion for Discovery and Inspection**

The United States has complied, and will continue to comply, with Fed. R. Crim. P. 16(a)(1)(A)-(F) and with Rules 702, 703, and 705 of the Federal Rules of Evidence. The United States objects to the defendant's requests to the extent it seeks information outside the scope of the above-referenced rules and statute. The United States has provided extensive discovery in the case to date and understands its continuing obligations with respect to discovery under the applicable rules.

**4.     Documents 19 and 20: Motion for Discovery and Inspection of Products and Records of Electronic Surveillance**

The Government has not used any electronic surveillance or detection in this case and Defendant's motion is therefore moot.

**5.     Documents 21 and 22: Motion to Disclose and Make Informant Available for Interview**

The Government has not used any confidential informants in this case and Defendant's motion is therefore moot.

**6.     Document 23: Motion for Early Disclosure of Jencks Act Material**

The Defendant moves for an order requiring the government to disclose Jencks Act materials at least two weeks prior to the commencement of trial.  This motion should be denied because the Defendant's request contravenes the Jencks Act and established Eighth Circuit precedent.

The Jencks Act provides in relevant part that statements or reports made by a prospective Government witness are *not* subject to "subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case."  18 U.S.C. § 3500(a).  The Eighth Circuit has repeatedly held that the Government cannot be compelled to produce Jencks Act material until *after* the witness has testified at trial on direct examination.  *See*, *e.g.*, *United States v. Sturdivant*, 513 F.3d 795, 803 (8th Cir. 2008); *Anderson v. United States*, 788 F.2d 517, 519 (8th Cir. 1986); *United States v. White*, 750 F.2d 726 (8th Cir. 1984).  Defendant's motion is thus meritless.

The Government, however, understands that early disclosure of Jencks Act material assists in the orderly progress of trial and therefore routinely voluntarily makes Jencks Act material available to defendants before trial.  Indeed, the Government has already disclosed Jencks Act material to Defendant.  However, an explicit order for early disclosure of Jencks Act material would contravene the statute.

**7.     Document 24: Motion for Government Agents to Retain Rough Notes**

The Government does not object to requiring law enforcement officials involved in the investigation of this case to retain and preserve their rough notes created as part of the investigation.  Although the defendant is not currently requesting the disclosure of

such rough notes, the Government would object to any order concerning the disclosure of rough notes.  *See United States v. Redding*, 16 F.3d 298, 301 (8th Cir. 1994); *United States v. Shyres*, 898 F.2d 647, 657 (8th Cir. 1990); *United States v. Simtab*, 901 F.2d 799, 808-09 (8th Cir. 1990).

**8.     Document 25:  Motion for Discovery of Rule 16(a)(1)(G) Evidence**

The Government will comply with its obligations under Rule 16(a)(1)(G).  The only issue for the Court to determine at this juncture is the timing of such disclosures, as Rule 16(a)(1)(G) includes no specific timing requirement.  The advisory committee's notes provide that "although no specific timing requirements are included, it is expected that the parties will make their requests and disclosures in a timely fashion."  Fed. R. Crim. P. 16 advisory committee's note, 1993 Amendments.

The Government respectfully requests that the Court order all expert disclosure be made no later than fourteen days before trial.  Such timing allows the parties sufficient notice of the expected testimony and time to prepare a focused cross-examination of the expert.  *See id*.

### Response to Motions to Suppress

**9.     Document 26:  Motion to Suppress Evidence Obtained as a Result of Search and Seizure**

Defendant seeks to suppress evidence obtained "as a result of search and seizure," contending without specificity or support that (1) "any search warrant issued in the case" lacked underlying probable cause and was executed unlawfully and in bad faith and (2) "any searches and seizures [that] were conducted without a warrant" were without

probable cause and exigent circumstances.  In support of this broad request, Defendant cites not a single fact demonstrating how any search warrant was defective or how the circumstances of any warrantless search violated his rights.[1]  Because the motion fails to articulate any specific facts to support the requested relief or an evidentiary hearing, this boilerplate motion should be summarily denied.  *See United States v. Mims*, 812 F.2d 1068, 1073-74 (8th Cir. 1987) (noting that evidentiary hearings on motions to suppress "need not be set as a matter of course" nor if "suppression is improper as a matter of law"); *United States v. Losing*, 539 F.2d 1174, 1177 (8th Cir. 1976) (noting that motion papers must be "sufficiently definite, specific, detailed, and nonconjectural" to enable court's conclusion that "contested issues of fact" require an evidentiary hearing), *cert. denied*, 434 U.S. 969 (1977); *see also United States v. Quiroz*, 57 F. Supp.2d 805, 822-23 (D. Minn. 1999) (recommending denial without hearing of suppression motion that was "boilerplate in form," "merely request[ed] suppression of all statements made by Defendant," and failed to meet burden of specifying "specific legal and factual grounds" for motion).  At minimum, Defendant should be required to provide an analysis under applicable law as to why the particular evidence he challenges is subject to suppression.

In the event the Court deems the motion legally sufficient, the motion fails on the law and facts.  The testimony and evidence will demonstrate that the warrants were properly supported by probable cause and that all other searches required no warrant because they were executed pursuant to defendant's or co-conspirators' consent.

---

[1] All materials related to the searches in this case, including the search warrants and supporting documents, were produced to defendant on July 18, 2014.

**10.     Document 27: Motion to Suppress Statements, Admissions, and Answers**

Defendant moves "for an order suppressing all statements, admissions and answers made by the defendant prior to, at the time of, or subsequent to his arrest." Once again, Defendant's request lacks any particularity or analysis. Defendant asserts, without specifying any factual or evidentiary basis, that *any* statements in this case were made without the benefit of counsel, without *Miranda* warnings, and/or were not freely and voluntarily given in violation of his constitutional rights. Like the above, this motion fails to articulate any specific facts or legal bases that support either suppression or an evidentiary hearing, and this boilerplate motion should also be summarily denied or at minimum, renewed with particularity. *See Losing*, 539 F.2d at 1177.

In the event the Court deems the motion legally sufficient, this motion also fails. The government will present evidence to show that Defendant made all statements to authorities freely; indeed he even volunteered information at times without request. Despite disclosure of all of his statements and the surrounding circumstances, Defendant has not identified a single statement he claims was the result of a constitutional violation, much less any factual support for such an assertion.

The Court should deny the motions to suppress.

Dated:  August 7, 2014                                      Respectfully Submitted,

                                                            ANDREW M. LUGER
                                                            United States Attorney

                                                            *s/Sarah E. Hudleston*
                                                            BY:  Sarah E. Hudleston
                                                            Assistant U.S. Attorney
                                                            Attorney ID No. 351489